|,CARTER, C.J.
Utilities, Inc. of Louisiana sued to enjoin Southeastern Louisiana Water and Sewer Co., Inc., from providing water and sewer service to customers within a specific area pursuant to a noncompetition agreement originally entered into between Briarwood Utility Company and the Environmental Services Commission of St. Tammany Parish. (ESC). The parties agreed to try the preliminary and permanent injunctions together. The trial court denied the relief sought by Utilities and dismissed its suit. Utilities appeals.
The case was tried based on stipulated facts, documents, and affidavits. The facts as shown based on that evidence are as follows. Briarwood Utility Company provided water and sewer services within certain portions of St. Tammany Parish. In 1991 the State of Louisiana, through the Department of Environmental Quality (DEQ), sued Briarwood, alleging that operation of its principal sewage treatment disposal facility was in violation of DEQ standards. In August 1991, Briarwood was permanently enjoined by court order from conducting any other operations at that facility.
In November 1991, Briarwood entered into an agreement with ESC whereby ESC would operate the facility under a temporary discharge permit from DEQ. On December 6, 1993, Briarwood sold the *890 system to ESC. The act of sale contained the following noncompetition agreement:
Seller, its successors and assigns, agrees not to operate a competing water and/or sewerage utility company within the Service Area for a period of ten (10) years, and in connection therewith, agrees said Service Area shall include the area bounded by the Tchefuncte River, Bogue Falaya River, Abita River, U.S. Highway 190 and Ponchitolawa [sic] Creek ....
In May 1994, Briarwood and Southeastern filed a joint petition seeking to rescind the sale from Briarwood to ESC. The petition alleged in that petition, and the parties have stipulated in this suit, that Briarwood and Southeastern are “related entities” in that their stock is “100% owned by the same individuals.” In June 1994, ESC transferred to Utilities all of ESC’s rights and obligations as set forth in the sale from Briarwood.
The suit to rescind the 1993 sale was settled in September 1994. Edward T. Riecke, president of both Briarwood and Southeastern, signed a receipt, release and indemnity agreement on behalf of both corporations that contained the following | ¡¡language: “Briarwood and Southeastern hereby acknowledge and accept the assignment to [Utilities] by [ESC] of all its rights and obligations under the [1993] sale as set forth in the Agreement.” (Emphasis added.)
In 1998 Southeastern proposed to provide sewer and water service to a motel and a town home development located within the service area encompassed by the noncompetition provision in the act of sale between Briarwood and ESC. This lawsuit ensued.
The trial court refused to enforce the agreement against Southeastern. The court noted that the agreement obligated Briarwood and “its successors and assigns.” The court found that although Briarwood and Southeastern were related and wholly owned by the same individuals, Southeastern was not a successor or assign of Briarwood and thus was not bound by the noncompetition agreement.
We agree with the trial court that Southeastern was not a successor or assign of Briarwood. But that conclusion does not end our inquiry. We must determine whether, as Utilities alleges, Southeastern assumed the role of seller and thus obligated itself under the 1993 act of sale. The trial court committed legal error in not making this further determination.
In support of its allegations that Southeastern assumed the role of seller, Utilities sets forth the following undisputed facts. Southeastern acted as if it and Briarwood were one and the same when it joined in the rescission suit and judicially admitted that Briarwood and it were related entities. ESC agreed to remit the purchase price, which had been deposited into the registry of the court in the rescission suit, to Briarwood and to Southeastern. Southeastern again acted as if it and Briarwood were one and the same when it agreed to the settlement and accepted the settlement funds from ESC. Finally, in the receipt, release and indemnity agreement, Southeastern expressly acknowledged and accepted the assignment to Utilities by ESC “of all its rights and obligations” under the act of sale.
Based on these facts, we find that Southeastern assumed the role of seller and, in so doing, bound itself not to compete with ESC’s assignee, Utilities. For this reason, the judgment of the trial court denying the injunction sought by Utilities and dismissing |4Utilities’s suit must be reversed. Judgment is hereby rendered enjoining Southeastern Louisiana Water and Sewer Co., Inc., from providing water and sewer service to any customer within the service area encompassed by the non-competition agreement in the act of sale entered into between Briarwood Utility Company and Environmental Services Corporation of St. Tammany Parish. All costs of this appeal are assessed to South *891 eastern Louisiana Water and Sewer Co., Inc.
REVERSED AND RENDERED.